IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Circuit Judge Timothy M. Tymkovich

Civil Action No. 19-cv-01444-TMT

NATIONAL INSITUTE OF FIRST ASSISTING, INC., a Colorado corporation,

    Plaintiff,

v.

ASSOCIATION OF OPERATING ROOM NURSES, INC., a New York nonprofit corporation d/b/a ASSOCIATION OF PERIOPERATIVE REGISTERED NURSES,

    Defendant.

## ORDER

This matter comes before the Court on review of the Motion to Stay Antitrust Discovery (Doc. 45) filed by Defendant, the Association of Operating Room Nurses, Inc. (AORN). For the reasons set forth below, the Court **GRANTS** Defendant's motion and stays antitrust discovery pending decision on the motion to dismiss (Doc. 30).

### I.    BACKGROUND

On May 21, 2019, the National Institute of First Assisting, Inc. (NIFA), filed a complaint (Doc. 1) advancing six claims for relief based on alleged federal or Colorado antitrust violations. It then filed its First Amended Complaint on July 17 (Doc. 17), which added a claim for intentional interference with a contract. AORN subsequently filed a motion to dismiss the antitrust claims (Doc. 23). NIFA then filed its Second Amended Complaint (Doc. 24), and AORN again moved to dismiss the antitrust claims for failure to state a claim under Rule 12(b)(6) (Doc. 30). That second motion to dismiss is currently pending.

On September 19, Defendant filed a Motion to Stay Discovery (Doc. 33). This Court never formally ruled on the motion but did note during a scheduling conference that it was not going to grant it. Then, on January 29, 2020, Defendant again requested a stay of discovery under Fed. R. Civ. P. 26(c)(1) and (d)(3) and D.C.Colo.LCivR 7.1.

## II.     ANALYSIS

The Court exercises discretion over the timing of discovery. *See, e.g.*, *Trustees of Springs Transit Co. Employee's Ret. & Disability Plan v. City of Colorado Springs*, No. 09-cv-02842-WYD-CBS, 2010 WL 1904509, at *4 (May 11, 2010). The Federal Rules of Civil Procedure permit the Court to enter an order protecting a party "from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Defendant argues in its motion that it would be subjected to undue burden and expense if the Court permits antitrust discovery to continue in the face of a pending dispositive motion. The Court agrees.

As a threshold matter, NIFA argues that this court's discretion is limited by the doctrine of the law of the case because it already denied a motion to stay discovery. But the law-of-the-case doctrine is not applicable. The Court has not made any legal determination on the merits that would bind it in on this motion. *See, e.g.*, *Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1252 (10th Cir. 2011) (". . . the law of the case doctrine has no bearing on the revisiting of interlocutory orders, even when a case has been reassigned from one judge to another."); *Thompson v. Colorado*, 60 F. App'x 212, 214 (10th Cir. 2003) (citing *Wilmer v. Bd. of County Comm'rs*, 69 F.3d 406, 409 (10th Cir. 1995)). The Court is, then, free to consider the motion.

To determine whether staying discovery would be prudent, the Court weighs several competing interests: (1) NIFA's interests and any potential prejudice that would be caused by a

2

delay in discovery; (2) the burden of discovery on AORN; (3) convenience to the court; (4) the interests of any persons who are not parties to this litigation; and (5) the interests of the general public. *See, String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-CV-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006). For the following reasons, the Court concludes that a stay would be appropriate.

### A. Prejudice to NIFA

First, NIFA obviously has an interest in a long discovery period that would allow as much information gathering as possible. But its interest would not be greatly prejudiced by a stay. In NIFA's response to the motion to stay (Doc. 46), it argues it would be prejudiced by the fact that a stay would limit the time of discovery and thereby limit the scope of information that it can obtain. This assumes the discovery schedule would not be amended to allow for more time later. However, just as the Court has discretion to stay discovery now, it has discretion to extend discovery later if the dispositive motion is not granted and discovery resumes. A delay on the front end matched with an extension on the back end would not shorten the discovery period and would not substantially prejudice NIFA. Thus, while NIFA's interests weigh against granting the stay, the lack of serious prejudice means that this factor does not weigh heavily against granting it.

### B. Burdens and Costs for AORN

By contrast, AORN would realize an actual burden if discovery continues. As AORN argues, discovery has the potential to be very expensive for an antitrust defendant. In its reply to NIFA's response, AORN stated that it would cost many thousands of dollars a month to store the data. These costs need not be considered problematic or overly burdensome at this stage.

AORN's complaint that storage costs are burdensome in a long litigation are irrelevant here because the issue is whether that litigation will even continue once the pending dispositive motion is resolved. More worrisome are the front-loaded costs, such as the legal fees associated with checking documents for privilege and the like. By AORN's estimation, over one million documents will have to be produced. The costs associated with producing them and screening them will be incurred for absolutely no reason if the case is dismissed on the pending motion. The prospect of forcing AORN to bear the costs of discovery for no reason weighs strongly in favor of granting the stay.

### C.  Judicial Convenience and Economy

Staying discovery would be convenient for the Court. This court has noted several times that staying discovery while a dispositive motion is pending is convenient and enhances judicial economy. *See, e.g.*, *Burkitt v. Pomeroy*, No. 15-CV-02386-MSK-KLM, 2016 WL 696107, at *2 (D. Colo. Feb. 22, 2016); *Hildebrand v. Douglas Dynamics, Inc.*, 15-CV-00486, 2015 WL 2207773, at *1 (D. Colo. May 6, 2015). Just as it is unnecessarily burdensome to the parties to handle discovery if the case is dismissed on the pending dispositive motion, so too is it burdensome on the court. To that end, judicial convenience and economy weigh in favor of granting the motion to stay.

### D.  Third-Party Interests

As AORN admits, there is currently no cost to third parties because NIFA has not sought anything from them. The cost to third parties of continuing is, therefore, very low. But to the extent that third parties have an interest in this matter, the interest would only be served by

4

staying discovery, for a third-party interest will only arise if NIFA makes demands of third parties as discovery continues.

### E. The Public Interest

This court has said that the public has an interest in preventing public and private resources from being spent uselessly if a case is going to be resolved on a pending dispositive motion. *Burkitt*, 2016 WL 696107, at *2. There seem to be no other public interests at play, so it must be said that if the public has any interest in whether this discovery continues, it is an interest in resources not being wasted—an interest that would be served by staying discovery.

## III. Conclusion

In weighing the factors, the Court is convinced that staying antitrust discovery would be appropriate. For that reason, the Defendant's Motion to Stay Antitrust Discovery (Doc. 45) is **GRANTED**.

It is hereby **ORDERED** that antitrust discovery against Defendant is stayed pending resolution of the motion to dismiss.

Dated: March 5, 2020

BY THE COURT:

*s/ Timothy M. Tymkovich*

Timothy M. Tymkovich
United States Chief Circuit Judge